C. N. WALKER, Respondent, v. ST. LOUIS & SAN FRANCISO RAILROAD COMPANY et al., Appellants.

**St. Louis Court of Appeals, January 9, 1912.**

1. **COMMON CARRIERS: Injury to Freight: Liability of Initial and Connecting Carriers: Concurrent Negligence.** Proof that freight was damaged when delivered to a connecting carrier and was still further damaged while in its possession will not warrant a joint judgment against both carriers based on concurrent acts of negligences, since the wrongs committed were separate and distinct.

2. ————: ————: ————: ————: **Statute: Interstate Commerce Act.** Section 5446, Revised Statutes 1909, and the Interstate Commerce Act (U. S. Comp. Stat. 1901, p. 3169, as amended; U. S. Comp. Stat. Supp. 1909, p. 1163), which make initial carriers liable for the negligence of connecting carriers, do not authorize a joint judgment against the initial and the connecting carrier, in the absence of joint or concurrent negligence on their part.

3. ————: ————: ————: ————: ————: ————. Under these statutes, a connecting carrier is not liable for the sole negligence of the initial carrier; and the initial carrier should not be joined with the connecting carrier in a judgment for the latter's negligence, since a joint judgment would be conclusive between them that they were joint tortfeasors and would bar the initial carrier's right, under the statutes, to have indemnity in an action over against the guilty carrier.

4. ——: ——: ——: **Statute: Interstate Shipment.** Section 5446, Revised Statutes 1909, which makes initial carriers liable for the negligence of connecting carriers, does not apply to an interstate shipment, originating in another state.

5. ——: ——: ——: **Common Law Liability.** At common law, where a shipment is carried by several carriers, each carrier is liable only for loss or damage occurring on its own line, and a joint judgment against an initial and a final carrier, where part of the damage occurred on the line of the one and part on the line of the other, is improper.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Moses Whybark* for appellant, St. Louis & San Franciso Railroad Company.

*Robert A. Anthony* for appellant, St. Louis, Iron Mountain & Southern Railway Company.

(1) By the allegations of the petition plaintiff seeks to recover for the joint negligence and carelessness of defendants. No contract having been shown this action can not be maintained. Otrich v. Railroad, 134 S. W. 665; Meyers v. Railroad, 120 Mo. App. 292; Shewalter v. Railroad, 84 Mo. App. 597; Milling Co. v. Railroad, 127 Mo. App. 89; McLendon v. Railroad, 119 Mo. App. 128. (2) Section 5446, R. S. 1909, is not applicable to the facts of this case as plaintiff's contract, whatever it may have been, was made in the state of Kentucky. Eckle v. Railroad, 72 Mo. App. 296. (3) This shipment having originated out of the state is not controlled by the Missouri statutes. No bill of lading or other contract of shipment having been offered in evidence, the common law rule prevails that each connecting carrier is liable for its own negligence and not that of the other carrier. Connelly v. Railroad,

133 Mo. App. 310; McLendon v. Railroad, 119 Mo. App. 128; Griffith v. Railroad, 114 Mo. App. 591; Crouch v. Railroad, 42 Mo. App. 248; Eckles v. Railroad, 112 Mo. App. 240.

*Traylor & Smalley* for respondent.

(1) The allegations of the petition in the case at bar do not allege a joint contract of appellants, but same alleges the facts as proven on the trial, and is no more the allegation of a joint contract than the facts are proof of a joint contract. Myers v. Railroad, 120 Mo. App. 295. An action against a common carrier may be in assumpsit based upon an implied contract. Clark v. Railroad, 64 Mo. 440; Witting v. Railroad, 28 Mo. App. 103. (2) In a suit to recover for damages to property transported by a common carrier from one point to another point within or without the state and one or more connecting carriers the plaintiff may join as defendants the original carrier and all connecting carriers. R. S. 1909, section 5446. (3) The evidence shows that the goods were in a good condition when received by the initial carrier and were in a damaged condition when delivered to the connecting carrier at Sikeston. The presumption is that goods delivered to a carrier in good condition and by him delivered to the consignee in an injured condition were injured in the carrier's possession. Nave v. Railroad, 19 Mo. App. 563; Heck v. Railroad, 51 Mo. App. 532; Flyn v. Railroad, 13 Mo. App. 424.

STATEMENT.—This suit originated before a justice of the peace and was brought to recover damages for injuries to certain household furniture received while in course of transportation over the respective connecting lines of the defendants from Columbus, Kentucky, to Portageville, Missouri. On appeal to the circuit court and a trial had therein, the

jury returned a joint verdict in favor of the plaintiff
and against the defendants and the court thereupon
rendered a joint judgment against the defendants in
the sum of one hundred dollars. The defendants have
appealed.

Columbus, Kentucky, is on the line of the de-
fendant St. Louis, Iron Mountain & Southern Rail-
way Company and the line of that company runs from
Columbus to Sikeston, Missouri, where it connects
with the defendant St. Louis and San Francisco Rail-
road Company, which runs from there to Portageville,
Missouri. At the trial there was no proof of any spe-
cial contract or bill of lading or of any usage, language
or conduct showing that the Iron Mountain Company
undertook to carry the furniture and deliver the same
beyond the terminus of its line, or that it had any
partnership, association or arrangement with the
Frisco Company. In that respect the evidence merely
tended to prove that on July 8, 1909, the Iron Moun-
tain Company received the furniture in good condi-
tion from the agent of the plaintiff at Columbus,
Kentucky, for shipment to the plaintiff at Portage-
ville, Missouri, and did transport it to Sikeston, its
point of connection with the Frisco Company, and did
there deliver it to the Frisco Company, which in turn
transported the furniture to Portageville, Missouri,
and there delivered it to the plaintiff. The entire
freight charge was paid by the plaintiff to the Frisco
Company at Portageville. The evidence on the part
of the defendants tended to prove that when the furni-
ture was delivered by the Iron Mountain to the Frisco
at Sikeston, it was already injured to some extent. The
evidence on the part of the plaintiff tended to prove
that when the furniture was delivered to the plaintiff
by the Frisco Company at Portageville, it was worth-
less and very much more injured than when delivered
to the Frisco at Sikeston. The only evidence bearing
on the measure of plaintiff's damages tended to prove

the value of the furniture at Columbus, Kentucky, and its worthlessness on arrival at Portageville. There was no evidence bearing on the measure of plaintiff's recovery for the injury which the evidence tends to prove the furniture suffered before being delivered to the Frisco at Sikeston. There was no evidence as to how, when, where or by whom the furniture was injured, unless these facts may be inferred from those already stated by us.

CAULFIELD, J. (after stating the facts).— Whatever may have been the theory on which this case was brought, we are convinced that under the evidence the joint verdict and judgment against the defendants cannot stand. Plaintiff's counsel suggests that the action "is for concurrent and several negligence of both appellants" and says that "respondent has proven that the goods were in a damaged condition when delivered to the connecting carrier, and that they were still further damaged while in the possession of the connecting carrier." But such proof does not show concurrent negligent acts or omissions, if indeed it shows any negligence. It shows merely that the goods received different injuries at different times while in different custodies. If any inference of negligence is permissible it is of several and disconnected acts of negligence not contributing to produce a common injury and not combining to produce several injuries, but each of itself producing a different injury. Each is, or would be, a separate and distinct wrong perpetrated by the defendants severally and would not as negligence justify a judgment against both for either injury or against either for both injuries. The joint verdict and judgment cannot stand on the ground that they are based on concurrent acts of negligence. Nor is plaintiff helped by treating his case as coming within the provisions of our statute (Sec. 5446, R. S. 1909), or the provisions of the Interstate Commerce

Act. [Act Cong. Feb. 4, 1887, c. 104, Sec. 20, 24 Stat. 386 (U. S. Comp. St. 1901, p. 3169), amended by Act, Cong. June 29, 1906, c. 3591, sec. 7, 34 Stat. 593 (U. S. Comp. St. Supp. 1909, p. 1163)]. Each of such state and federal acts in effect renders the initial carrier liable at the suit of the shipper for injuries resulting from its own negligence or the negligence of the connecting carrier, but each provides, in effect, that the initial carrier may recover over from the connecting carrier any amount it may be required to pay on account of the latter's fault. Such statutes are not to be construed to authorize a joint judgment against the initial and connecting carriers in the absence of joint or concurrent negligence on their part. The connecting carrier is of course not liable for the sole negligence of the initial carrier and should not be joined in a judgment therefor. The initial carrier should not be joined with the connecting carrier in a judgment for the latter's negligence, for the reason that a joint judgment would be conclusive between the defendants that they were joint tortfeasors and would be a bar to the initial carrier's right, given by each of said statutes, to have indemnity in an action over against the guilty company. [Blackmer & Post Pipe Co. v. Mobile & Ohio Railroad Co., 137 Mo. App. 479, 505, 119 S. W. 1; Crockett v. Railroad, 147 Mo. App. 347, 374, 126 S. W. 243.]

We do not wish by the foregoing to be understood as holding that our statute is applicable in this action. This was an interstate shipment and not governed by the Missouri statutes, the property having been received by the first carrier outside of this state. [Coal & Coke Co. v. Railroad, 116 Mo. App. 214, 224, 92 S. W. 714; Eckles v. Mo. Pac. Ry. Co., 72 Mo. App. 296, 305.] If, however, we proceed farther and treat the case as being one at common law, still, under the facts of this case each carrier was liable only for loss or damage occurring on its own line and a joint judg-

ment against them was improper. And if we indulge the presumption that such loss or damage occurred on the line of the connecting or final carrier, that would not justify a joint judgment against both. The judgment is reversed and the cause is remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.